UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WESLEY S. RICKS** | **CIVIL ACTION NO. 3:13-cv-2831** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **DISTRICT ATTORNEY, 4TH JUDICIAL DISTRICT, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Wesley S. Ricks, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 4, 2013. Plaintiff is a detainee in the Morehouse Parish Jail. He is awaiting trial on charges of aggravated rape and cruelty to juveniles lodged in the Fourth Judicial District Court. He sued the District Attorney, the Clerk of Court, Judge Stephens Winters, unknown Bastrop Police Officers, and Mike Smith. He claims that he is attempting to represent himself in the criminal proceedings but he does not have access to an adequate law library. He also complains about various defects in the prosecution and asks this Court to intervene in that prosecution.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is a pre-trial detainee at the Morehouse Parish Jail. He is awaiting trial on charges of aggravated rape and cruelty to juveniles which are pending in the Fourth Judicial District Court. In his original hand-written complaint he alleged that he was arrested on March

28, 2013, but was not indicted within 120 days of the arrest as required by Louisiana law. He further claimed that he was denied a preliminary hearing on July 23, 2013. He maintains that the State has not and cannot establish probable cause to hold him for these charges. He is representing himself on these charges and claims that the Clerk of Court refused to provide him with copies of his *pro se* motions. He claims that he was not advised of his *Miranda* rights upon arrest and was falsely extradited on a forged warrant or complaint. He asked the Court to "look into this matter."

In his amended complaint filed on October 22, 2013, he alleged that he has been defamed and suffered pain and suffering because the allegations "... hasn't been addressed properly." He claimed that the Grand Jurors were misled and that the State has not demonstrated probable cause for his arrest and imprisonment. He claims that the Clerk of Court has not filed the indictment and he is desirous of a speedy trial, a bill of particulars, and suppression of evidence. Finally, he again complained that he does not have access to proper law books. He prayed for a change of venue and updated law books.

### *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Access to Courts*

Plaintiff is a detainee who has apparently decided to represent himself. He has not alleged that he requested appointment of counsel and was denied. However, he implies that the defendants have denied him access to courts with regard to his attempts to defend himself against pending criminal charges. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999); *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821;

*Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996). Plaintiff has not shown how his ability to prepare and transmit legal documents has in any way been inhibited as a result of inadequacies of the prison law library.

Furthermore, in order to state a claim based on the denial of a prisoner's access to the courts, a plaintiff must show actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). He must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354.

Plaintiff has not shown that he was prejudiced in his ability to litigate this law suit or any other with respect to the alleged fault of the defendants. Further, with regard to his claim that he has been denied the opportunity to prepare for the trial of his pending criminal charges, he likewise fails to state a claim for which relief may be granted. In *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir.1981) the Fifth Circuit held that in the absence of extraordinary circumstances, a criminal defendant represented by counsel does not have a constitutional right to file every *pro-se* motion he wants to file in addition to his attorney's motions. In *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir.1996) the Fifth Circuit held that <u>even an inmate who rejected the assistance of his court-appointed attorney "had no constitutional right to access a law library in preparing the *pro-se* defense of his criminal trial."</u> (Emphasis supplied)

In other words, providing, or even offering to provide, legal counsel is a constitutionally

acceptable alternative to a prisoner's demand to access a law library. *See Lewis v. Casey*, 518 U.S. 343, 350-51, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (relying on *Bounds v. Smith*, 430 U.S. at 830, 97 S.Ct. 1491.)  It is unclear whether or not plaintiff is represented or assisted by counsel in the pending criminal charges. It is safe to assume however, that he has either (1) retained counsel; (2) obtained court-appointed counsel; or (3) waived counsel and chosen to represent himself.  He is thus not constitutionally entitled to access the law library with regard to the pending charges.  Further, even if he is entitled to such access, he has not shown prejudice resulting from the library's inadequacies.  Plaintiff's access to courts claim is frivolous and fails to state a claim for which relief may be granted.

*3. Intervention in the On-Going Prosecution*

Plaintiff implies various defects in the on-going criminal prosecution in Morehouse Parish. For example, he maintains that the State violated his statutory right to a speedy trial (see La. C.Cr.P. art. 701(B)(1)(b)) by failing to file an indictment within 120 days of his arrest.  He later conceded that an indictment had been returned but claimed that the Grand Jurors were misled and that the State has yet to demonstrate probable cause for his arrest and continued imprisonment.  Elsewhere he implied that the Clerk of Court has still not filed the indictment. His prayer for relief, while not absolutely clear, suggests that he seeks enforcement of his statutory right to a speedy trial, a bill of particulars, and the suppression of evidence. In short, he demands prospective injunctive relief and thus asks this Court intervene on his behalf in the on-going State prosecution.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to intervene in state criminal prosecutions absent

truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If those factors are satisfied, then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984).

Plaintiff is awaiting trial on very serious charges; if convicted on any of the aggravated rape charges, he could be sentenced to life without parole. See La. R.S.14:42. He is clearly the subject of an "ongoing state judicial proceeding"; further, the State of Louisiana has an important state interest in the subject matter of the proceeding; and finally, Louisiana law affords plaintiff with ample and adequate opportunities to litigate his constitutional and statutory challenges.[1]

Plaintiff has not established any grounds that would allow this Court to disregard abstention. Therefore, his requests for injunctive relief seeking the intervention of this Court into

---

[1] Plaintiff is entitled to file a Motion for Speedy Trial (La. C.Cr.P. art. 701), a Motion to Suppress Evidence (art. 703), a Motion to Recuse (arts. 671 *et seq.*), a Motion for a Change of Venue (arts. 621 *et seq.*), and various motions to quash based upon any number of legal theories. (See arts. 531 *et seq.*) If dissatisfied with the rulings of the District Court, he may thereafter seek review in the appropriate Court of Appeals, and, if necessary, the Louisiana Supreme Court.

his on-going State court prosecution, should be dismissed pursuant to the *Younger* Doctrine.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, December 9, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE